**IN THE UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**JASON ROBINSON**                                                                                    **PLAINTIFF**

**v.**                                              **2:02CV00084-WRW**

**CROWN EQUIPMENT CORPORATION**                                         **DEFENDANT**

**ORDER**

Pending is Defendant's Motion in Limine.[1] Plaintiff has not responded.

This is a product liability case based on strict liability, negligence, and breach of warranty.[2] Plaintiff's foot was crushed by a stand-up forklift that was designed, manufactured, and supplied by Defendant.

Defendant asks that the following be excluded: (1) testimony and evidence of other lawsuits, claims, and settlements involving manufacturers of stand-up forklifts; (2) deposition testimony that was taken in an unrelated case; (3) comments by Plaintiff's lawyer about Defendant's financial worth; (4) reference to or evidence of prior accidents that involved the Defendant's stand-up forklift; (5) evidence regarding sit-down forklifts manufactured by Defendant and others; and (6) Plaintiff's expert's testimony on economic loss. For the reasons stated below, the motion is DENIED in part and GRANTED in part.

---

[1]Doc. No. 108.

[2]Doc. No. 1.

1

**1. Evidence of Other Claims**

Determining the admissibility of prior accident evidence is within a court's discretion, and such evidence can be relevant if the previous accidents occurred in a manner that was substantially similar to this accident.[3] Such evidence can demonstrate Defendant's ability to correct known defects, the magnitude of the danger involved, the product's lack of safety for its intended use, notice of the existence of a defect, standard of care, or causation.[4]

Plaintiff plans to call five witnesses who filed claims against Defendant and other manufacturers. Defendant contends that this testimony is not relevant. However, if these witnesses were involved in similar accidents, the testimony may be admissible, depending on the purpose for which it is offered. Defendant does not explain the content of the anticipated testimony. So, there is not enough information to reach a pre-trial conclusion, and this part of the motion is DENIED.

---

[3]*Drabik v. Stanley-Bostitch, Inc*., 997 F.2d 496, 508 (8th Cir. 1993) (citations omitted); see also *Lewy v. Remington Arms Co., Inc*., 836 F.2d 1104, 1109 (8th Cir. 1988) (holding that for prior accidents to be relevant to the issue of notice the accidents must have occurred under circumstances substantially similar); *Oates v. St. Louis Southwestern R.R. Co*., 266 Ark. 527, (1979) (en banc) (holding that, before other accidents may be offered to show a dangerous or defective condition, it must first be shown there is a substantial similarity of conditions in the proof as to make it reasonable or probable that the same causes or conditions produced the same or similar results).

[4]*McKnight, By and Through Ludwig v. Johnson Controls*, 36 F.3d 1396, 1410 (8th Cir. 1994).

### 2. Deposition Testimony of Witnesses from an Unrelated Case

Any party may use a deposition -- not just the party who took the deposition.[5] Moreover, a deposition may be used at trial provided that the conditions of Federal Rule of Civil Procedure 32(a) are met.[6]

Those conditions are: (1) the witness is dead; (2) the witness lives over 100 miles away; (3) the witness is too infirm to attend a trial; (4) the witness cannot be subpoenaed; or (5) the witness cannot attend due to other exceptional circumstances. Once it is found that one or more of these conditions is met, it must be determined if the matters contained in it are admissible under the rules of evidence.

Under the rules of evidence, deposition testimony may be used against any party who was present or represented at the taking of the deposition, and had a similar motive to develop testimony by direct, cross, or redirect examination.[7]

Defendant's counsel states that *he* did not attend the depositions that Plaintiff intends to use. However, this fact does not bar a deposition's use, as long as another attorney representing Defendant attended the deposition, and had similar motives to cross-examine the deponent. Defendant did not present enough facts to decide this issue pre-trial, so this part of the motion is DENIED.

---

[5]*Battle ex rel. Battle v. Memorial Hospital at Gulfport*, 228 F.3d 544 (5th Cir. 2000) (containing a thorough discussion of the use of depositions at trial); see also *Frechette v. Welch*, 621 F.2d 11 (1st Cir. 1980) (holding that the right of a party to use a deposition at trial was a matter of federal law).

[6]*Mid-West Nat. Life Ins. Co. of Tennessee v. Breton*, 199 F.R.D. 369, 371 (N.D. Fla. 2001).

[7]Federal Rules of Evidence 804 (b)(1).

### 3. Evidence of Financial Worth and Remarks about Corporate Misconduct

Under federal law, evidence of a defendant's wealth is only admissible for the purpose of evaluating the amount of punitive damages.[8]

This part of Defendants' motion is GRANTED to this extent. Evidence of Defendants' financial status will be excluded, unless Plaintiff makes a case for punitive damages. The case will be bifurcated and punitive damages will be submitted if the jury finds the Defendant's fault was "blameworthy" enough. Defendant must bring to trial an <u>accurate</u>, <u>detailed</u> financial statement which will be given to Plaintiff's counsel if punitive damages are to be submitted.

### 4. Other Accidents Involving Defendant's Stand-up Forklifts

This part of Defendant's motion is DENIED for the same reasons set out in part one and two above. Defendant did not attach the challenged accident reports, so, there is no way to decide if the described accidents were substantially similar to this accident.

### 5. Evidence of Information Regarding Sit-down Forklifts

Defendant asks that evidence of a sit-down forklift that it manufactured be excluded. In Arkansas, Defendant has an affirmative defense to a strict liability case if it offers proof that its product was unavoidably unsafe.[9] An unavoidably unsafe product has been described as a product that has no alternative design that would have as effectively accomplished the

---

[8]*U.S. v. Big D. Enterprises, Inc.*, 184 F.3d 924, 932 (8th Cir. 1999); see also *Hollins v. Powell*, 773 F.2d 191, 198 (8th Cir. 1985) (citing Restatement (Second) of Torts § 908(2)) (holding that it is appropriate to consider a defendant's worth when evaluating amount of punitive damages).

[9]*West v. Searle & Co.*, 305 Ark. 33, 40 (1991).

same purpose with less risk.[10] If this defense is raised, Plaintiff must show that a feasible, safer, alternative design is available.[11]

Defendant argues that evidence of sit-down fork lifts is irrelevant because it is not the same type of product as a stand-up forklift. However, the similarity of products is not the question -- the question is whether the product can feasibly be used for the same *purpose*.[12] Defendant has not provided information about the use and purpose of sit-down forklifts -- so this issue cannot be decided pre-trial. This part of Defendant's motion is DENIED.

**6. Plaintiff's Economist**

Defendant argues that Plaintiff's economic expert's testimony should be excluded because it is based on speculation, and is therefore, unreliable. The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert*.[13]

Under this framework, courts engage in a three-step process to determine if the expert testimony is reliable. First, the witness must be qualified as an expert by knowledge, skill, experience, training, or education;[14] second, the expert's conclusions and methodology must be scientifically reliable;[15] and, third, the testimony must assist the trier of fact to understand

---

[10]*Ackley v. Wyeth Laboratories, Inc.*, 919 F.2d 397, 400 (6th Cir. 1990) (citing *White v. Wyeth Laboratories, Inc.*, 533 N.E. 2d 748, 752 (Ohio 1988)).

[11]*Id.*

[12]*Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1078 (5th Cir. 1986).

[13]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[14]Fed. R. Evid. 702.

[15]*Daubert*, 509 U.S. at 592-93.

the evidence.[16]  The reliability standard is not that high and the question is not whether the expert should have done a better job.[17]  *Daubert's* three-step process has been applied to opinions regarding economic losses.[18]

Defendant challenges the reliability of Plaintiff's expert's conclusions and argues that his testimony should be excluded because other evidence does not support the expert's assumptions about Plaintiff's earning and work capabilities.[19]  Defendant does not challenge his qualifications as an economist, the formula used to arrive at his final sums, or the necessity of his testimony to help jurors make difficult calculations.   It is not the job of an economic expert to answer questions about Plaintiff's work ability.

It is for a jury to decide if Plaintiff is capable of returning to work, and it is for the jury to measure Plaintiff's qualifications.  A jury does not need an economist to make these decisions -- it is a matter of common sense and weighing witness credibility.

Plaintiff's economist has provided alternative computations to assist the jurors to determine the monetary value of Plaintiff's losses, but the jury decides the extent of those losses.  The economist is not being called to provide an opinion on Plaintiff's physical

---

[16] Fed. R. Evid. 702.

[17] *Oddi v. Ford Motor Co.*, 234 F.3d 136, 156 (3d Cir. 2000).

[18] *Matrix Group Ltd., Inc. v. Rawlings Sporting Goods Co.*, 477 F.3d 583, 593 (8th Cir. 2007); *Oddi v. Ford Motor Co.*, 234 F.3d 136, 154 (3d Cir. 2000) (applying the *Daubert* factors to an expert in vocational rehabilitation).

[19] Defendant offers evidence showing that Plaintiff can work despite his injury, and that Plaintiff is qualified to perform unskilled labor for lower wages than a worker with some college education.

abilities and his mental skills -- that is a question for rehabilitation experts.  Based on this, this portion of Defendant's motion is DENIED.

### 7.  Miscellaneous Matters

Defendant's motion presented various matters for determinations, and I reach the following conclusions:  Defendant's request to exclude references to insurance coverage is DENIED, because evidence of insurance coverage is only inadmissible if it is offered to show that a person acted negligently, but it is admissible for other purposes.[20]  For the same reason, Defendant's request to exclude voir dire questions about insurance is DENIED.  Defendant's request that Plaintiff's counsel be forbidden to ask for privileged materials during the trial, and before the jury is GRANTED.  Defendant's request to exclude any reference to its failure to call some witnesses is DENIED, because, under certain circumstances, this is allowed.[21]  Defendant's request to prohibit references to attorney's fees owed by Plaintiff is GRANTED.

A pre-trial conference will be held at 8:30 a.m., Tuesday, October 23, 2007 to consider issues raised in this motion that were denied because Defendant did not provide sufficient information for a ruling.

Plaintiff must file a brief, no later than 5:00 p.m., Tuesday, October 9, 2007, explaining how the testimony and evidence of prior accidents, claims, lawsuits, and settlements are relevant to this case, and to raise any other anticipated evidentiary issues.  On

---

[20]Fed. R. Evid. 411; *Morrissey v. Welsh Co.*, 821 F.2d 1294, 1305 (8th Cir. 1987).

[21]*JHP & Associates, LLC v. N.L.R.B.*, 360 F.3d 904, 909 (8th Cir. 2004) (An adverse inference can be drawn if a material witness within the control of one party is not called to testify.).

the same date, Plaintiff must submit portions of the deposition testimony that will be offered during the trial. Defendant may respond no later than 5:00 p.m., Tuesday, October 16, 2007. On the same date, Defendant must submit portions of depositions that it will offer at trial. The parties are expected to cooperate and attempt to settle issues concerning evidence to be presented at the trial.

      IT IS SO ORDERED this 26th day of September, 2007.


                              /s/Wm. R. Wilson, Jr.
                        UNITED STATES DISTRICT JUDGE